**FILED
CLERK**

11:41 am, Mar 27, 2018

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
SETH FORTGANG AND RIVKA FORTGANG

               Plaintiffs,

   -against-

PEREIRAS ARCHITECTS UBIQUITOUS LLC, FRIEDMAN GROUP LLC, DANIELLA SCHWARTZ AND ARI SCHWARTZ,

              Defendants.
---------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
16-cv-3754 (ADS)(AYS)

**APPEARANCES:**

**Stern & Schurin LLP**
*Attorneys for the Plaintiffs*
595 Stewart Avenue, Suite 710
Garden City, NY 11530
    By: Steven Stern, Esq.,
       Richard Schurin, Esq.,
       Michael Barer, Esq., Of Counsel

**Gulko Schwed LLP**
*Attorneys for the Defendant Pereiras Architects Ubiquitous LLC*
44 Wall Street
New York, NY 10005
    By: Simcha Gitelis, Esq., Of Counsel

**Greenberg Traurig, LLP**
*Attorney for the Defendants Friedman Group LLC, Daniella Schwartz & Ari Schwartz*
200 Park Avenue, 38th Floor
New York, NY 10166
    By: Daniel Schloss, Esq.,
       Zachary Kleinsasser, Esq., Of Counsel

**SPATT, District Judge**.

      On July 6, 2016, Seth Fortgang and Rivka Fortgang (the "Plaintiffs" or the "Fortgangs"), commenced this copyright infringement action against the defendants, Pereiras Architects

1

Ubiquitous LLC ("Pereiras"), the Friedman Group LLC (the "Friedman Group"), and Daniella and Ari Schwartz (the "Schwartzes") (all together, the "Defendants") under the federal Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. The Fortgangs alleged that the Defendants illegally infringed on copyrighted design elements of the Fortgangs' home in Lawrence, New York through the construction of a primary residence in Cedarhurst, New York.

The Plaintiffs' complaint was dismissed by this Court on January 20, 2017. *See* Docket Entry ("DE") 26. Thereafter, the Court denied the Plaintiffs' procedurally improper request for leave to amend the complaint without prejudice to renew within 30 days as a formal motion, consistent with Rule 15 of the Federal Rules of Civil Procedure ("FED. R. CIV. P." or "Rule"). Although the Plaintiffs timely moved to amend their complaint, it was subsequently withdrawn on March 27, 2017. The Court dismissed the case the following day and the Clerk of the Court issued a judgment.

On April 14, 2017, the Friedman Group and the Schwartzes (the "Moving Parties") filed a motion for attorneys' fees pursuant to 17 U.S.C. § 505, and Rule 54(d). *See* DE 38. This motion was fully briefed by July 28, 2017 and referred to Magistrate Judge Anne Y. Shields for a report and recommendation as to whether the motion should be granted, and if so, to set forth the relief warranted. *See* DE 48.

On March 23, 2018, the Plaintiffs, filed Objections to the March 9, 2018 Report and Recommendation ("R&R") of Magistrate Judge Anne Y. Shields entered in the above-captioned case.

The R&R recommended that the Moving Parties' motion for attorneys' fees be granted in full and that the Moving Parties be awarded $95,296.00 in attorneys' fees and $6,544.00 in costs. Specifically, Magistrate Judge Shields recommended that the Court find: (a) the Plaintiffs'

2

allegations are not so extreme as to be considered frivolous but are objectively unreasonable; (b) an award is further supported by the Plaintiffs' bad faith; (c) an award furthers the purposes of the Copyright Act; and (d) the requested fees are reasonable. *See* DE 49.

## I. DISCUSSION

### A. The Standard of Review

In the course of its review of a magistrate judge's report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). The district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error.*" IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07–Civ.–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No.

14CV3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, —F. App'x—, No. 17-383-cv, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-Civ.-5450, 07-Civ.-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, … the Court reviews the [R&R] only for clear error" (internal citations omitted)). *See, e.g.*, *Frankel*, 2009 WL 465645, at *2; *Pearson–Fraser v. Bell Atl.*, No. 01-cv-2343, 2003 WL 43367, at *2 (S.D.N.Y. Jan.6, 2003).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). "The question whether a party may raise a new legal argument for the first time in objections to a magistrate judge's report and recommendation has not yet been decided in this Circuit." *Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015) (internal citations, quotation marks, and alterations omitted).

4

Many district courts in this Circuit hold that "'new arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all.'" *Tarafa v. Artus*, No. 10 CIV. 3870, 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013) (quoting *Smith v. Hulihan*, No. 11-cv-2948, 2012 WL 4928904, at * 1 (S.D.N.Y. Oct. 17, 2012) (citing *Forman v. Artuz*, 211 F. Supp. 2d 415, 418 n. 8 (S.D.N.Y. 2000))); *see also Toth*, 2017 WL 78483, at *7 ("a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate" (quoting *Ortiz*, 558 F. Supp. 2d at 451)); *DeJesus v. Comm'r of Soc. Sec.*, No. 13-CV-2251, 2014 WL 5040874, at *1 (S.D.N.Y. Sept. 29, 2014) ("[A] party waives any arguments not presented to the magistrate judge." (emphasis in original) (quoting *Tarafa*, 2013 WL 3789089, at *2 (internal quotation marks omitted))).

Other district courts have begun to apply a six-factor test to determine whether they should exercise their discretion to consider arguments raised for the first time at the objections stage:

> (1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered.

*Amadasu v. Ngati*, No. 05 Civ. 2585, 2012 WL 3930386, at *5 (E.D.N.Y. Sept. 9, 2012); *see also Stock Mkt. Recovery Consultants Inc. v. Watkins*, No. 13-CV-193, 2015 WL 5771997, at *3 (E.D.N.Y. Sept. 30, 2015); *Levy*, 103 F. Supp. 3d at 433–34; *Wells Fargo Bank N.A. v. Sinnott*, No. 2:07-CV-169, 2010 WL 297830, at *4 (D. Vt. Jan. 19, 2010). In the interest of fairness, this Court will apply the six factors to any new arguments raised.

## B. Application to the Facts

As a preliminary matter, the R&R specified to the parties that failure to file timely objections to the R&R would constitute a waiver of those objections. *See* 28 U.S.C. § 636 (b)(1); FED. R. CIV. P. 72(b). The Court finds that the Plaintiffs timely filed an objection to the R&R.

FED. R. CIV. P. 72(b) requires the objecting party to file "specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). To comply with the FED. R. CIV. P., the objecting party "must point out the specific portions of the [R&R] to which they object." *U.S. Flour Corp. v. Certified Bakery, Inc.*, No. 10-cv-2522, 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012).

The Plaintiffs' first objection concerns the R&R's finding that the complaint was objectively unreasonable. They object for two reasons: (1) asserting a claim of copyright infringement based on the copying of a combination of unprotectable design elements is objectively reasonable; and (2) *Zalewski v. Cicero Builder Dev. Inc.*, 754 F.3d 95 (2d Cir. 2014) is distinguishable by recent second circuit jurisprudence. The first contention was already presented in their original memorandum of law. *See* DE 42 at 10-14. The Plaintiffs argued that the visual similarities between the two homes demonstrated that the Plaintiffs' claim was objectively reasonable. *See*, *id*. They simply repeat that argument now. "Clearly, parties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation." *Camardo*, 806 F. Supp. at 382 (internal citations and quotation marks omitted). An attempt to rehash original arguments is not a proper objection. As such, the Court reviews this portion of the R&R for clear error.

The later reason provided by the Plaintiffs is that *Zalewski* is distinguishable by recent caselaw. To distinguish *Zalewski*, the Plaintiffs cite one case from the Northern District of New York that was issued in February of 2016. *See Ranieri v. Adirondack Dev. Grp.*, 164 F. Supp. 3d 305 (N.D.N.Y. 2016). *Ranieri* was decided before the complaint in this case was even filed and was not cited in the Plaintiffs' original memorandum of law. No reason is provided for first bringing this argument to light now. In the Court's view, no manifest injustice will result if the new argument is not considered because *Ranieri* is not binding on this Court. Moreover, Magistrate Judge Shields already considered *Ranieri*'s application to the instant case and found it distinguishable. In sum, the Court has already addressed this nonbinding, two-year old case that is distinct from the present one. As the six factors weigh against the consideration of this new argument, the Court finds that this objection is improper. *O.M. v. CEC Entm't Concepts, L.P.*, No. 14-CV-6041, 2016 WL 1275043, at *3 (E.D.N.Y. Mar. 31, 2016) (noting that courts generally do not consider new evidence raised in an objection to a report and recommendation "absent a compelling justification for failure to present such evidence to the magistrate judge" (internal quotation marks and citations omitted)). Therefore, the Court will review that portion of the R&R for clear error.

The Fortgangs' second objection concerning the R&R contains five arguments: (1) the Plaintiffs were not to blame for the purported "media frenzy"; (2) asserting infringement of the interior floor plan was reasonable; (3) the R&R promoted inconsistent findings that it attributes to bad faith; (4) determinations resulting from the parties' settlement discussions must be rejected; and (5) there is no finding of bad faith prior to the offer to change the exterior to a partially brick façade and after the Defendants' alleged rescission of settlement. However, the Plaintiffs raised the first, fourth and fifth arguments throughout their memorandum of law. As

7

mentioned previously, this is not a proper objection. As such, the Court will review the first, fourth and fifth arguments of the Fortgangs' second objection for clear error.

The second and third arguments of the second objection are tantamount to general disagreements with the R&R. The R&R finds that the "totality of the circumstances in this case make clear that the Fortgangs litigated this case in an unreasonable manner." DE 49 at 25-26. The Fortgangs' second and third objections contend that individual actions that they took in the litigation were reasonable. These arguments do not provide any specific reason as to why the Court's finding of bad faith is inaccurate, *given the totality of the circumstances*. Further, the Plaintiffs do not cite any cases that this Court may review. These arguments to the second objection are conclusory, broad and vague. Accordingly, the Court will also review these portions of the R&R for clear error.

Finally, the Plaintiffs' third objection, that the R&R's decision to grant attorneys' fees undermines the goals of the copyright act, was also argued by the Plaintiffs in their memorandum of law. The Fortgangs argue that "[t]he purposes of the Copyright Act are served when close infringement cases are litigated." DE 50 at 18. However, this argument was made in their original memorandum of law. *See* DE 42 at 12. Therefore, as mentioned above, this is not a proper objection. As such, the Court will review this portion of the R&R for clear error.

Therefore, as the Court has ruled that all of the Plaintiffs' objections are improper, the Court now reviews the R&R for clear error. The Court finds no clear error and adopts the R&R in its entirety.

Nonetheless, in the interests of justice, the Court has afforded the Plaintiffs a *de novo* review, although without proper objections to guide the Court. After a thorough, *de novo* review of the R&R, the Court agrees with Magistrate Judge Shields' well-reasoned R&R.

8

## II. Conclusion

For the reasons stated above, the Court finds that the Plaintiffs' objections are improper and therefore reviews the R&R for clear error. The Court finds no clear error. Further, the Court also concurs with the R&R after conducting a *de novo* review. Accordingly, the R&R is adopted in its entirety and the Plaintiffs' objections are denied.

It is **SO ORDERED**:

Dated: Central Islip, New York

March 27, 2018

*__/s/ Arthur D. Spatt__*

ARTHUR D. SPATT

United States District Judge